### BROOKS et al. v. SCHLERNITZAUER.

(Supreme Court, Appellate Term.   December 16, 1908.)

1. LANDLORD AND TENANT (§ 150*)—DUTY OF LANDLORD TO MAKE REPAIRS—
   ·  NOTICE.

   Where it is the landlord's duty to make repairs, it is necessary, in or-
   der to put him in default, to show actual notice of the defect, or that
   it has existed for such length of time prior to the injury as to charge
   him with constructive notice.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 536;
   Dec. Dig. § 150.*]

2. LANDLORD AND TENANT (§ 169*)—FAILURE OF LANDLORD TO REPAIR—NO-
   TICE OF DEFECTS—SUFFICIENCY OF EVIDENCE.

   In an action by tenants for damages through water dripping through
   a roof defendant landlord was bound to repair, evidence that there was
   a heavy fall of snow on Saturday, that on Monday following the leak-
   age was discovered, together with testimony of one witness that at the
   time of the leakage the roof was rusty, had holes in it, that the leader
   and gutter did not meet, and were clogged with rubbish, was insufficient
   to show that defendant had constructive notice of the defect; there be-
   ing no evidence as to how long such situation had existed, or as to the
   condition of the roof prior to the storm.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 645;
   Dec. Dig. § 169.*]

3. JUDGMENT (§ 570*)—NONSUIT—EFFECT—BAR OF CAUSES.

   A judgment merely of nonsuit does not preclude plaintiffs from bring-
   ing another action.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1031; Dec. Dig.
   § 570.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh Dis-
trict.

Action by John N. Brooks and another against Nicholas Schler-
nitzauer.   Judgment for defendant, and plaintiffs appeal.   Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.   ·

Samuel Fine, for appellants.
Francis Colety, for respondent.

HENDRICK, J.   The plaintiffs brought this action to recover dam-
ages to personal property by reason of water dripping through a roof
which the defendant was by the terms of his lease bound to keep in
·repair.   On Saturday, January 25, 1908, there was a heavy fall of
snow.   On the following Monday it was discovered that water had
leaked through the roof of certain premises of which the defendant
was the lessee and the plaintiffs were his tenants.   The plaintiffs were
nonsuited at the close of their case.   It is a well-known rule of law
·that, where it is the landlord's duty to make repairs, in order, to put
him in default, it is necessary to show actual notice of the defect, or
that it has existed for such a length of time prior to the injury as to
charge him with constructive ·notice.   Nothing of the kind appears
in the record in this case.   One witness only testifies to any defective
condition of the roof.   He swears that at the time of the leakage the
roof was rusty, had holes in it, and that the leader and gutter did not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

meet, and were clogged up with dirt and rubbish. As to how long this situation had existed, there is no evidence whatever, and as to the condition of the roof prior to this storm there is no evidence. The judgment being one of nonsuit merely, the plaintiffs are not precluded from bringing another action in which possibly facts sufficient to charge the defendant may be adduced.

Judgment affirmed, with costs. All concur.